

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**11/02/2010**

| | |
|---|---|
| IN RE | ) |
| HAI NGUYEN, | ) CASE NO. 08-35952-H3-7 |
| Debtor, | ) |
| HAI NGUYEN, | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 10-3247 |
| LAN QUOC NGO, ET AL., | ) |
| Defendants. | ) |

MEMORANDUM OPINION

The court has held a hearing on its order to show cause (Docket No. 14) why the above captioned adversary proceeding should not be dismissed for failure to state a claim upon which relief can be granted. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered dismissing the above captioned adversary proceeding. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Hai Nguyen ("Debtor" or "Plaintiff") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 8,

2008.  A discharge was entered on December 29, 2008.  The Chapter 7 case was closed on December 29, 2008.

On February 27, 2009, Debtor filed the complaint in Adversary No. 09-3090.  In that adversary proceeding, Debtor sought a finding of contempt, and sought damages, for willful violation of the discharge injunction, against Nga Nguyen, Tuyet Nguyen, and their attorney, Lan Q. Ngo ("Defendants"), based on their actions in attempting to litigate their prepetition claim against Debtor in state court.

On March 11, 2009, Ngo filed in the state court, on behalf of Nga Nguyen and Tuyet Nguyen, a notice of nonsuit with prejudice of their claims against Debtor.  (Defendants' Exhibit E).  On the same date, Debtor filed a motion to dismiss Adversary No. 09-3090.  Debtor's motion to dismiss Adversary No. 09-3090 was granted, by order entered March 18, 2009 (Docket No. 4, Adv. No. 09-3090).

In the instant adversary proceeding, Plaintiff has again asserted claims against Defendants for violation of the discharge injunction.  Initially, Plaintiff asserted that Defendants violated the discharge injunction by "continuing" a <u>lis</u> <u>pendens</u>.  (Docket No. 1).  After Defendants moved for summary judgment, Plaintiff amended the complaint in the instant adversary proceeding to assert that Defendants violated the discharge injunction by failing to file a release of the <u>lis</u>

2

pendens.  (Docket No. 13).

In the instant order to show cause, this court directed Plaintiff to show cause why the above captioned adversary proceeding should not be dismissed, in light of the appearance that Plaintiff could have filed, in the real property records of Harris County, Texas, a certified copy of the judgment dismissing the state court lawsuit, and thereby avoided all of the damages which he now claims.  (Docket No. 14).

At the hearing on the instant order to show cause, Plaintiff and Plaintiff's counsel testified that, although the lis pendens is no longer valid as a result of the order of the state court having dismissed the suit before it, certain information contained in the lis pendens has caused some difficulty to Plaintiff in obtaining title insurance and/or disposing of real property.[1]

## Conclusions of Law

The bankruptcy court is a court of limited jurisdiction.  Under 28 U.S.C. § 1334, this court has

---

[1] The court notes that Ngo also testified, and appears to harbor strong emotions regarding the merits of the underlying claims between his clients and Debtor, beyond that consistent with his role as an attorney providing zealous advocacy on behalf of his clients.  Although his conduct with respect to the matters at issue in the instant adversary proceeding does not rise to the level of violating the discharge injunction, he should remain mindful, on his own behalf and that of his clients, that he runs a substantial risk of violating the discharge injunction if he affirmatively interferes with Debtor's efforts to alienate his property.

3

jurisdiction of civil proceedings arising under title 11, or arising in or related to cases under title 11.

A proceeding to enforce the discharge injunction is within the bankruptcy court's jurisdiction. <u>Matter of National Gypsum Co.</u>, 118 F.3d 1056 (5th Cir. 1997).

Section 524(a) of the Bankruptcy Code provides:

(a) A discharge in a case under this title--

> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and
>
> (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

11 U.S.C. § 524(a).

Under Texas law, a lis pendens provides inquiry notice to those interested in a particular tract of land as to the facts and issues involved in the suit or action concerned. Tex. Prop. Code § 13.04. A lis pendens terminates with the judgment, in the absence of an appeal. Rosborough v. Cook, 194 S.W. 131 (Tex. 1917).

In the instant adversary proceeding, there is no nexus between the discharge injunction and the relief sought by Plaintiff. The lis pendens is of no effect, and there is no basis on which its prepetition filing constitutes a violation of the discharge injunction. It is conceivable that Debtor may have a cause of action against Defendants or others in connection with the contents of the lis pendens; however, such a cause of action, if any, is not within the jurisdiction of the bankruptcy court.

Based on the foregoing, a separate Judgment will be entered dismissing the above captioned adversary proceeding.

Signed at Houston, Texas on this \_\_\_\_**NOV 0 2 2010**\_\_\_\_ day of _____, 2010.

*/s/ Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE